ing of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree"). We discern no flaw in the district court's reasoning, and Artesyn points to no persuasive basis for reversal. Accordingly, we affirm the district court's conclusion that claims 1 and 5 of the '098 patent are not invalid for indefiniteness due to the claim term "ON period."

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not err in construing the claim limitations that are raised on appeal or in concluding that claims 1 and 5 are not invalid for indefiniteness. Accordingly, the final judgments of the district court are affirmed.

Kenneth D. Woodrow, Principal Attorney, Robert E. Kirschman, Jr., David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

## ORDER

Petitioner having paid the required filing fee, and having filed the required Statement Concerning Discrimination, it is

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED and RECALLED, and the Petition for review is REINSTATED.

Petitioner's brief is due within 60 days from the date of filing of this order.

**Troy S.W. ERICKSON, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 04–3183.

United States Court of Appeals, Federal Circuit.

DECIDED: May 26, 2004.

Lawrence A. Berger, Principal Attorney, Mahon & Berger, Garden City, NY, for Petitioner.

**Agnes R. CHEERS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3217.

United States Court of Appeals, Federal Circuit.

DECIDED: June 3, 2004.

Agnes R. Cheers, of Counsel, Portsmouth, VA, for Petitioner.

Doris Finnerman, Principal Attorney, Kathryn A. Bleecker, David M. Cohen, of Counsel, Washington, DC, for Respondent.